### SPIGEL et al. v. WARTELL OUTFITTING CO.

(Supreme Court, Appellate Term, First Department. May 4, 1916.)

SALES ⊙⇒417—EVIDENCE—PLACE OF DELIVERY.

 In an action to recover damages for defendant's breach of a contract to deliver showcases, evidence *held* to show that they were to be delivered at plaintiff's place of business between certain dates, and were not to be called for by plaintiff at defendant's place of business, so that a judgment for defendant was unauthorized.

 [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1173; Dec. Dig. ⊙⇒417.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Hyman Spigel and Nathan Spigel, copartners doing business under the name of Spigel Bros., against the Wartell Outfitting Company. From judgment after trial before the court without a jury, plaintiffs appeal. Reversed, and new trial ordered.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

F. E. Klein, of New York City, for appellants.
Benjamin Bernstein, of New York City (Samuel J. Levinson, of New York City, of counsel), for respondent.

COHALAN, J. This action was brought to recover the sum of $230 damages, alleged to have been sustained by the plaintiff by reason of the defendant's breach of a contract to deliver three certain showcases. It appears that on the 20th day of May, 1915, the plaintiff purchased from the defendant the showcases, agreeing to pay for the same the sum of $55, $5 of which was paid on account, and a receipt

received therefor. The facts of the sale and the amount of the purchase price are undisputed.

The only question litigated was with respect to the place of delivery. The defendant claimed that the agreement provided that the plaintiffs should call for the showcases at the defendant's place of business in White Plains. All the credible evidence, however, in the case, goes to show that the cases were to be delivered at the plaintiffs' place of business in the borough of Manhattan. The defendant refused to make a delivery as contemplated by the contract. Moreover, without having their right to such a delivery, the plaintiffs even sent their driver to the defendant's place of business in White Plains with the sum of $50, the balance of the purchase price, which amount was tendered to the defendant, but the delivery was still refused.

In the answer of the defendant company, it was alleged that the cases were to be delivered in Manhattan. On the trial, the president of the defendant company testified that nothing was said with reference to the time and place of the delivery. The preponderance of proof in the case tends to confirm the plaintiffs' version of the transaction, and that the cases should have been delivered to the plaintiffs' place of business in the borough of Manhattan between the 20th and 27th days of May, 1915.

The judgment is reversed, and a new trial ordered, with $30 costs to the appellant to abide the event.

WHITAKER, J., concurs.  GUY, J., concurs in the result.